PER CURIAM.
Appellee, Bank of New York Mellon, filed a complaint to foreclose on its mortgage executed by Appellant’s Chandrakant Patel and Nayan Patel, on June 12, 2008. Appellants responded on July 7, 2008, asking for additional time because they were attempting to lower their payments. They made no denials and raised no defenses. Finally, on May 7, 2010, Appellee moved for summary judgment. The hearing was ultimately scheduled for December 14, *687 2010. Appellants in “this unopposed action for foreclosure,” asked for a minimum extension for the hearing to investigate whether adjustments and modifications to their mortgage could be made. At that time, Appellee moved for the court to administratively close the file, and the motion was granted.
A year later, on December 13, 2011, Appellee moved to reopen the file and reschedule the summary judgment hearing. This motion was granted and a new summary judgment hearing was set for November 29, 2012. Appellants moved for an extension until a date after February 8, 2013. This motion was denied. On November 2, 2012, a final judgment of foreclosure was entered. On December 14, 2012, Appellants, through current counsel filed a notice of appeal but it was dismissed on January 18, 2013, based on failure to pay the filing fee. Even so, a month later, Appellants filed an emergency motion to stay all proceedings including the scheduled sale, until Appellants’ pending appeal to this Court. The court then held a case management conference. At this hearing, the court denied Appellant’s ore tenus motion to vacate judgment. It is the denial of this ore tenus motion to vacate judgment that is now being appealed. Counsel’s various arguments directed to the summary judgment are made too late. Since there was no proper appeal of the summary judgment, it may not be collaterally attacked. Concerning her appeal of the ore tenus motion to vacate judgment, we find no error committed by the trial judge.
We therefore AFFIRM.
ORFINGER, LAWSON, JJ., and HARRIS, C. M., Senior Judge, concur.